UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FETO ALADIN,

    Petitioner,

v.                                                CASE NO. 6:04-cv-009-Orl-19KRS

JAMES V. CROSBY, et al.,

    Respondents.
_____

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a timely response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 9). Petitioner filed a reply to the response (Doc. No. 14).

*Procedural History*

Petitioner was charged by indictment with one count of first degree murder. After a jury trial, he was found guilty as charged and was sentenced to life in prison. By order dated February 13, 1990, the Florida Fifth District Court of Appeal *per curiam* affirmed the conviction and sentence. *Aladin v. State*, 557 So. 2d 48 (Fla. 5th DCA 1990). Mandate was issued on March 2, 1990.

On December 2, 1992,[1] Petitioner filed a petition for writ of habeas corpus in the state courts. By order dated January 28, 1993, the petition was denied.

On April 23, 2003, Petitioner filed a motion for postconviction DNA testing pursuant to Fla. Stat. § 925.11 and Florida Rule of Criminal Procedure 3.853, which the trial court denied. The appellate court *per curiam* affirmed the denial, and mandate was issued on November 17, 2003. *Aladin v. State*, 858 So. 2d 1065 (Fla. 5th DCA 2003). Petitioner filed a notice to invoke the discretionary jurisdiction of the Florida Supreme Court, which was dismissed for lack of jurisdiction on December 4, 2003. *Aladin v. State*, 862 So. 2d 726 (Fla. 2003).

*The Instant Petition is Untimely*

Petitioner's convictions in this case became final in 1990. Pursuant to 28 U.S.C. section 2244:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1]This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So.2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

Section 2244(d)(1) went into effect on April 24, 1996. Thus, a prisoner, such as Petitioner, whose conviction became final prior to April 24, 1996, had through April 23, 1997, absent any tolling, to file a § 2254 motion regarding such conviction. *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998) (petitioners whose convictions became final before the enactment of the AEDPA must be provided a reasonable time to file their § 2254 petitions, and one year from the effective date is a reasonable period). Petitioner's instant petition was filed on December 30, 2003, under the mailbox rule. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (inmate's § 2255 motion is deemed filed when delivered to prison officials for mailing and, absent evidence to the contrary, this is assumed to be the day the inmate signed the document). Since the one

year period of limitation ran on April 23, 1997, Petitioner's habeas corpus petition was not timely filed and must be denied.

To the extent that Petitioner argues that the alleged DNA evidence is "newly discovered" evidence that would have exonerated him, his argument is flawed. The factual predicate of his claim is based on the existence of blood stains, which were clearly discussed during the course of Petitioner's trial; therefore, he knew about them at the time of the trial. Since the factual predicate of this claim was known by Petitioner many years prior to the expiration of the one year period of limitation, it was not "newly discovered."

Furthermore, Petitioner points to nothing that prevented him from filing, during the one year period, either a Rule 3.850 motion in the state trial court or a federal habeas petition challenging his conviction based on the DNA evidence.[2] Petitioner did not have to wait until the State of Florida enacted a criminal rule of procedure dealing with DNA

---

[2]The first type of DNA testing developed was the RFLP (Restriction Fragment Length Polymorphism) method and was held admissible as a valid test in Florida in 1988 in *Andrews v. State*, 533 So. 2d 841 (Fla. 5th DCA 1988), *review denied*, 542 So. 2d 1332 (Fla. 1989). The PCR (Polymerase Chain Reaction) method, which is preferred when the DNA sample is very small or very degraded, was available in 1991. *Zeigler v. State*, 654 So. 2d 1162, 1164 (Fla. 1995). In *Zeigler*, the petitioner sought release of blood stain evidence using modern DNA testing procedures. The Supreme Court of Florida denied relief finding as follows:

> Assuming for the sake of argument that the more sophisticated PCR method was not in use when *Andrews* was decided, Zeigler concedes that the method was available in 1991. Therefore, he should have raised the claim in his pending motion for postconviction relief in order to avoid the procedural bar of successive motions. Instead, he waited in excess of two years before first raising the claim in 1994.

*Id*. at 1164. The situation in *Zeigler*, is similar to the instant case.

testing[3] before he was allowed to file a Rule 3.850 motion or a federal habeas petition challenging his convictions based on the DNA evidence. The decision of the Supreme Court of Florida in *Zeigler v. State*, 654 So. 2d 1162 (Fla. 1995), confirms that Petitioner was permitted, under Florida law, to file a request for relief for DNA testing under Rule 3.850 during the one year period of limitation. *See supra* note 2. However, he chose to do nothing until over one year after the enactment of Rule 3.853.

In addition, Petitioner appears to contend that he is actually innocent of the crimes. The Eleventh Circuit Court of Appeals has yet to decide whether there is an "actual innocence" exception to the one year statute of limitations in § 2244. *Helton v. Secretary of the Department of Corrections*, 259 F.3d 1310, 1315 n.2 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080 (2002). However, assuming the existence of such an exception, "[c]laims of actual innocence are extremely rare and are based on 'factual innocence not mere legal insufficiency.'" *United States v. Lurie*, 207 F.3d 1075, 1077 n.4 (8th Cir. 2000) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). The claim requires satisfaction of two requirements: (1) new reliable evidence, which was not presented at trial, establishing (2) that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

In the present case, Petitioner has presented no proof that he is actually innocent of the crime of first degree murder; rather, he claims that DNA testing could prove his

---

[3]Florida Rule of Criminal Procedure 3.853, which provides a state law vehicle for convicted persons to obtain DNA testing, did not become effective until October 21, 2001.

5

innocence. But, Petitioner's claim suffers from a lack of newness. Petitioner could have raised the same claim during the one year period of limitation. Petitioner does not explain why he waited until 2003 to request DNA testing. He knew of the existence of the blood stains during the one year period of limitation, and nothing precluded him from filing a Rule 3.850 motion or a federal habeas petition alleging actual innocence based on the samples. Rule 3.853 was not Petitioner's only avenue for relief. Conceivably, either the state court or the federal court could have ordered DNA testing in conjunction with a Rule 3.850 motion or a federal habeas petition. *Cf. Zeigler*, 654 So. 2d at 1164.

In summary, Petitioner has not demonstrated any basis for justifying his failure to file his federal habeas petition in a timely manner. The instant petition must be dismissed as untimely.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Feto Aladin is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. Petitioner's Motion to Rule on Pending Case (Doc. No. 16) is **DENIED** as moot.

3. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this _15th_ day of November, 2005.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sa 11/15
Counsel of Record
Feto Aladin